# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10288
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2024

Lyle W. Cayce
Clerk

Ennis Johnson,

*Plaintiff—Appellant*,

*versus*

Mohammad Mehdi Ansari; Marcia J. Odal,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:20-CV-22

---

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Ennis Johnson, Texas prisoner # 691762, appeals the summary judgment granted to the physician defendants on his claim that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The claim rested on allegations regarding his course of treatment, including that he was denied a referral to a cardiologist and later

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

denied a cardiac catheterization because he had threatened to sue one of the doctors. We review the grant of a summary judgment de novo. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Deliberate indifference by medical providers is an "extremely high standard" that requires evidence showing that the defendants "refused to treat [the plaintiff], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citations omitted). According to Johnson, evidence showed that his cardiologist believed the cardiac catheterization was necessary until the day of the scheduled procedure, when it was cancelled, and a scan of his legs was performed instead without his informed consent. He asserts that the district court erred by summarizing his claims generally instead of addressing his specific factual allegations, that it mischaracterized his claims, that it was biased in favor of the defendants, and that it failed to address the evidence submitted with his motion for reconsideration. In addition, he alleges that employees of the court and the prison library conspired to deny him access to the record on appeal.

Johnson did not identify any evidence supporting his allegation that he was denied appropriate care because he had threatened to sue one of his doctors, and his unsubstantiated allegation that the defendants intentionally treated him incorrectly was insufficient to raise a genuine issue of material fact as necessary to defeat the defendants' motion for summary judgment. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011); *Gobert*, 463 F.3d at 346 & n.23. Although Johnson disagreed with his course of treatment, he did not allege or substantiate any other egregious intentional conduct by the defendants that would constitute deliberate indifference. *See Gobert*, 463

No. 23-10288

F.3d at 346, 351.  His remaining arguments are irrelevant, conclusory, or frivolous.

Accordingly, Johnson's motions for oral argument, sanctions, and a probable cause hearing are DENIED.  The judgment of the district court is in all respects

AFFIRMED.